**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **ANTHONY D. MADARIS,** | : | **Case No. 1:26-cv-264** |
| **Plaintiff,** | : | |
| **vs.** | : | **Judge Susan J. Dlott** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **OFFICER JONCE TACKETT,** | : | |
| **Defendant.** | : | |

## ORDER and REPORT AND RECOMMENDATIONS

Plaintiff, an inmate incarcerated at the London Correctional Institute ("LoCI"), filed a *pro se* civil rights Complaint in this Court pursuant to 42 U.S.C. § 1983. (ECF No. 1).[1] Plaintiff asserts that Defendant Officer Jonce Tackett deprived Plaintiff of his due process rights by not disclosing evidence of "controlled buys" when obtaining a warrant or at Plaintiff's trial that, if disclosed, "would have resulted in a different outcome." (*Id.*, at 12). Plaintiff paid the full filing fee to proceed with this matter. (ECF No. 4).

This matter is now before the Court for a *sua sponte* review of Plaintiff's Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Also

[1] In its Order denying Plaintiff's motion to proceed *in forma pauperis* as moot, the Court stated that it would accept Plaintiff's Amended Complaint (ECF No. 7-1) as the operative Complaint, consistent with Federal Rules of Civil Procedure 15(a)(1)(A). (ECF No. 8). Because it appears that the Amended Complaint (ECF No. 7-1) and attached exhibit (ECF No. 7-2) were intended only to supplement, rather than replace, the initial Complaint (ECF No. 1), the Court will construe (ECF No. 1) and (ECF Nos. 7-1 and 7-2) collectively as the operative Complaint.

before the Court are Plaintiff's Motions for a Preliminary Injunction (ECF No. 9) and for Appointment of Counsel (ECF No. 10). Having performed the initial screen and reviewed Plaintiff's motions, the undersigned Magistrate Judge **concludes** that Plaintiff's Complaint should be **DISMISSED without prejudice** under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), and that his motions should be **DENIED**.

## I. Screening Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fee and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke*, 490 U.S. at 328–29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. And an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a

*pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That said, the complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 (holding that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Allegations and Parties

Plaintiff brings this action in connection with his state-court criminal charges and convictions in the Hamilton County Court of Common Pleas in case number B2201100. A

review of publicly available online judicial records reveals that, on June 30, 2025, Plaintiff was convicted of one count of possession of fentanyl-related compound and one count of aggravated possession of drugs; and that he was acquitted of one count of trafficking in a fentanyl-related compound and one count of aggravated trafficking in drugs.[2]

Plaintiff names as the sole Defendant Officer Jonce Tackett of the Narcotics Officer/Narcotics Unit in Hamilton County, Ohio. (ECF No. 1, at 2). Plaintiff states that Officer Tackett deprived Plaintiff of his procedural due process rights guaranteed by the Fourteenth Amendment by suppressing "evidence of alleged buys by a criminal informant (CI), and that there was never presented any evidence of this CI or of any 'controlled buys.'" (*Id.*, at 12; ECF No. 7-1, at 72). Plaintiff explains that no such evidence was presented at trial, to the state court judge who signed off on the search warrant, to the prosecutor, or to defense counsel. Plaintiff asserts that, but for this violation of his rights, and had the facts been fully disclosed, the result of his trial would have been different.

Plaintiff also states that Officer Tackett failed to provide any testimony regarding the steps and procedures normally followed when executing controlled buys—such as recording the serial numbers of bills used, taping the controlled buys, and using FaceTime as the recording platform. (ECF No. 1, at 13). Plaintiff reiterates that no such evidence was presented in obtaining

---

[2] Viewed at the following location under Plaintiff's name, Anthony Madaris, and case number B2201100:

https://www.courtclerk.org/data/case_summary.php?sec=doc&casenumber=B+2201100&court%5BCCV%5D=on&court%5BCCR%5D=on&court%5BMCV%5D=on&court%5BMCR%5D=on&court%5BCDR%5D=on&court%5BCOA%5D=on&submit.x=18&submit.y=11

This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

the warrant or at trial, and further asserts that "[i]t was to be assumed by all in the court room that the officer was 'tell[]ing the truth', and absent the evidence, his testimony and word were all that was offered." (*Id*.).

Plaintiff suggests that, when Officer Tackett was questioned as to why Plaintiff came to be investigated, Defendant Tackett offered no specific evidence—only instances of which he had no firsthand knowledge and for which there was no corroborating witness testimony or evidence. (*Id*. at 15). Plaintiff also notes that there was a lack of physical evidence connecting him to the narcotics in question. (*Id*. at 16).

In relief, Plaintiff seeks sanctions against Officer Tackett that are "appropriate to the crime, which could include suspension, retraining, extended supervision by superiors, and/or if the severity of his actions warrant – termination from emoloument as recommended by this court and the recovery of any and all legal fees, and punitive damages due to the mental anguish in the amount of $500,000. (*Id.* at 5). Plaintiff also seeks use of any decision by this Court in his favor to exonerate him in future litigation. (*Id*. at 17). In addition, in his supplement to the Complaint, Plaintiff requests that the Defendant be suspended from his current position and receive new training. (ECF No. 7-1, at 72).

## III. Analysis

Based on the above allegations, the Court understands Plaintiff to be raising, pursuant to 42 U.S.C. § 1983, a claim that Defendant Tackett suppressed evidence in obtaining a warrant and at trial in violation of Plaintiff's procedural due process rights guaranteed by the Fourteenth Amendment.

Plaintiff's allegations, at base, implicate his criminal conviction. He suggests that Defendant Tackett suppressed or otherwise failed to testify about evidence of controlled buys or

other narcotics trafficking that led to Plaintiff's indictment, trial, and convictions. A civil rights action is not the proper mechanism for a state prisoner to challenge the legality of his confinement following a state criminal conviction. *Heck v. Humphrey*, 512 U.S. at 486–87; *see also Preiser v. Rodriguez*, 411 U.S. 475, 489-500 (1973). Instead, where a person in state custody challenges the validity of a criminal conviction and the relief he seeks is his immediate release or a speedier release, his sole federal remedy is the writ of habeas corpus. *Preiser*, 411 U.S. at 500. For this reason, Plaintiff's complaint should be dismissed.

There are other hurdles that bar Plaintiff's suit from proceeding. For example: Even to the extent that Plaintiff might seek relief other than release, he fails to state a cognizable claim. That is because a state prisoner is precluded from raising claims in a civil rights action under § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the prisoner shows that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87; *see Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (*Heck* applies whether Plaintiff seeks damages or equitable relief).

Plaintiff has not alleged or shown that his conviction has been invalidated in any of the four manners described in *Heck*. In fact, the criminal judgment against Plaintiff was affirmed by the Ohio Court of Appeals for the First Appellate District on June 18, 2026. Plaintiff filed a Notice of Appeal the Supreme Court of Ohio on July 23, 2026.[3]

---

[3] Corresponding filings can be viewed under Plaintiff's name, Anthony Madaris, and case number B2201100, at the following location:

https://www.courtclerk.org/data/case_summary.php?sec=doc&casenumber=B+2201100

It is also worth noting, briefly, that there are other bases for dismissing Plaintiff's claims, such as Plaintiff's failure to satisfy standards necessary to sue a county police officer in his official capacity for monetary damages. Nevertheless, in light of the recommendation that this Complaint be dismissed under *Heck v. Humphrey* and in furtherance of the interest in judicial economy, the Undersigned will not address those issues at this time. *See Maye v. Kelley*, No. 2:25-cv-801, 2025 WL 2247142, at *4 (S.D. Ohio Aug. 6, 2025), *report and recommendation adopted*, 2025 WL 2550025 (S.D. Ohio Sept. 4, 2025).

## IV. Motions

### A. Motion for Preliminary Injunction

On May 2, 2026, Plaintiff filed a Motion for Preliminary Injunction to prevent Defendants from "riding out" Plaintiff to another prison. (ECF No. 9, at 102). Plaintiff states that this relief is needed to prevent irreparable injury since "'law enforcement' works closely with all aspects of employees of local prisons" and "it would not be out of the realm of possibilities for the department, and or the defendant himself, to ask a 'favor' to transfer this Plaintiff to another facility in retaliation for filing this civil claim." (*Id*. at 104).

Rule 65 of the Federal Rules of Civil Procedure permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. "A preliminary injunction is an extraordinary remedy," and it is one that "should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). In determining whether to issue a preliminary injunction, this Court

&court%5BCCV%5D=on&court%5BCCR%5D=on&court%5BMCV%5D=on&court%5BMCR%5D=on&court%5BCDR%5D=on&court%5BCOA%5D=on&submit.x=18&sub

must balance the following factors: "(1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). Courts balance these factors rather than treat them as "prerequisites that must be satisfied." *Id*. (quotation omitted). "The party seeking the preliminary injunction bears the burden of justifying such relief." *Id*.

Plaintiff has not satisfied this burden.

First, any claimed injury in Plaintiff's motion—being transferred to another state prison—is not sufficiently related to the conduct complained of in his Complaint. Plaintiff also fails to allege how his transfer to another state prison would hinder his ability to litigate this action. Further, Plaintiff seeks to enjoin the "Defendants" from transferring him to another state prison, but the only Defendant named in the Complaint, Officer Tackett, is not authorized to effectuate any such transfer (notwithstanding Plaintiff's suggestion that prison officials might transfer Plaintiff as a favor to Officer Tackett). Finally, for the reasons set forth in recommending dismissal of this Complaint, Plaintiff makes no showing of a strong or substantial likelihood of success on the merits.

Because Plaintiff fails to sufficiently allege a substantial likelihood of success on the merits or that he will suffer irreparable injury absent a preliminary injunction, the Undersigned **RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction (ECF No. 9) **be DENIED**.

---

mit.y=11

**B. Motion for Appointment of Counsel**

On May 2, 2026, Plaintiff filed a Motion for Appointment of Counsel. (ECF No. 10). Acknowledging that the decision whether to appoint counsel rests with the Court's discretion, Plaintiff requests counsel due to the complexity of this case and his limited access to the law library and other resources.

There is no legal or constitutional right to appointed counsel in a civil case. *Patmon v. Parker*, 3 F. App'x 337, 339 (6th Cir. 2001) (citing *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)). Congress has not provided funds to compensate lawyers who might agree to represent indigent plaintiffs in civil cases, and there are not enough lawyers who can absorb the costs of representing them on a voluntary basis to allow the Court to appoint counsel for all indigent plaintiffs. The Court makes every effort to appoint counsel when a case proceeds to trial. The Court also attempts to appoint counsel at an earlier stage if exceptional circumstances exist. It does not appear that exceptional circumstances exist here. Thus, Plaintiff's Motion for Appointment of Counsel (ECF No. 9) is **DENIED**.

## V. Conclusion

For the reasons stated, Plaintiff's complaint should **be dismissed without prejudice** for failure to state a claim for relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The instant complaint be **DISMISSED without prejudice** under *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. Plaintiff's Motion for Preliminary Injunction (ECF No. 9) be **DENIED**.

3. The Court **CERTIFY** under 28 U.S.C. § 1915(a)(3) that, for the foregoing reasons, an appeal of any Order adopting this Report and Recommendations would not be taken

in good faith and therefore **DENY** Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (ECF No. 10) is **DENIED**.

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Crim. P. 72(b), **WITHIN 14 DAYS** after being served a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO RECOMMENDED AND ORDERED.**

August 26, 2026

*s/ S. Courter M. Shimeall*
S. COURTER M. SHIMEALL
United States Magistrate Judge