IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Anthony Madaris, | : | Case No. 1:26-cv-264 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Adopting Report and Recommendation, Dismissing Complaints, and Denying Preliminary Injunction |
| | : | |
| Officer Jonce Tackett, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge S. Courter M. Shimeall on August 26, 2026. (Doc. 11.) The Magistrate Judge, following a 28 U.S.C. § 1915 initial screening, recommended that the Court dismiss Plaintiff Anthony Madaris's Complaint and Amended Complaint for failure to state a claim upon which relief can be granted. (Docs. 1, 7-1.) He also recommended that the Court deny Madaris's Request for Preliminary Injunction. (Doc. 9.) Madaris did not file objections to the Report and Recommendation.

Title 28 U.S.C. § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to make, file, and serve specific written objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court need not independently review a report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985). But some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g.*, *Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL

16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011).

Magistrate Judge Shimeall made no clear errors here. In the Complaint and Amended Complaint, Madaris alleges that false testimony by Officer Jonce Tackett deprived him of a fair criminal trial in state court. (Doc. 1 at PageID 12–14, 17; Doc. 7-1 at PageID 72.)[1] He asserts a claim for violation of his constitutional rights under 42 U.S.C. § 1983. (Doc. 1 at 3; Doc. 7-1 at PageID 69.) Madaris contends that "a favorable ruling by this Court will go to the successful litigation to clear his name and prove monetary compensation for the crime(s) committed against him." (Doc. 1 at PageID 17.) He requests that Tackett be suspended and ordered to undergo new training with enhanced supervision. (Doc. 1 at PageID 5; Doc. 7-1 at PageID 72.) He also seeks $500,000 in damages. (Doc. 1 at PageID 5; Doc. 7-1 at PageID 73.)

The Magistrate Judge correctly found that Madaris has failed to state a claim upon which relief can be granted. First, if Madaris is seeking to directly challenge the validity of his state court conviction and the legality of his imprisonment, then he has filed the wrong claim for relief. Madaris plainly states that he wants a favorable ruling in this case to support litigation to clear his name. (Doc. 1 at PageID 17.) A civil rights action under 42 U.S.C. § 1983 cannot be used to challenge a state court conviction or to seek immediate release from imprisonment. The proper procedure to challenge a conviction and seek immediate or faster release from prison is a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Second, to the extent Madaris seeks damages or other relief, his § 1983 claim still fails as a matter of law because his claim casts doubt on the validity of his state court conviction or

[1] The Magistrate Judge concluded that the Amended Complaint was intended to supplement, rather than supplant, the initial Complaint. (Doc. 11 at PageID 116 n.1.)

sentence. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). He alleges that Officer Tacket's allegedly wrongful conduct resulted in an unfair trial and a wrongful conviction. (Doc. 1 at PageID 12–14, 17; Doc. 7-1 at PageID 72.) "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his [state court] conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487; *see also Elder v. Roberts*, No. 99-3697, 2000 WL 1175557, at *1 (6th Cir. Aug. 11, 2000) ("[A] civil rights claim which would imply the invalidity of a conviction is not cognizable until the conviction has been invalidated.").[2] "This is so because, unless the conviction has been reversed, no injury of constitutional proportion can be proven." *Elder*, 2000 WL 1175557, at *1. Madaris's state court conviction has not been invalidated, so he cannot bring a § 1983 claim at this time.

For these reasons, the Report and Recommendation (Doc. 11) is **ADOPTED**. Madaris's Complaint (Doc. 1) and Amended Complaint (Doc. 7-1) are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim. Madaris's Motion for Preliminary Injunction (Doc. 9) is **DENIED**. The Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge

[2] A § 1983 plaintiff can show that his conviction has been invalidated in four ways: (1) reversal of the conviction on direct appeal; (2) expungement by executive order; (3) a declaration of invalidity by a state tribunal with authority; and (4) the issuance of a writ of habeas corpus by a federal court under § 2254. *Heck*, 512 U.S. at 487.